**WOLF, d. b. a. E. CARL WOLF REAL ESTATE COMPANY, Plaintiff-Appellant, v. GLENN, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2078.   Decided December 8, 1949.

Irvin Carl Delscamp, Dayton, for plaintiff-appellant.
Froug & Froug, Dayton, for defendant-appellee.

**OPINION**

By HORNBECK, J:

The appeal is on questions of law from a judgment of the Common Pleas Court entered upon separate findings of fact and law by the trial judge before whom the cause was tried, jury having been waived.

The action was to recover $1,000.00 on an alleged contract, whereby the plaintiff, a real estate broker, was to sell the real property of the defendant. The judgment was predicated upon the finding of fact that the plaintiff had not proven by the requisite degree of proof, namely, a preponderance of the evidence, that there was a contract between the parties as pleaded in the petition.

The petition averred the contract, performance by the plaintiff and breach by the defendant and the answer was a general denial. The defendant went to trial on the general denial, waiving proof only of the averment that the plaintiff was a duly licensed real estate broker. The plaintiff, attempting to prove that the purchaser, which he claimed to have secured, was able, ready and willing to buy the property at the price quoted, made such inquiry of Dr. James D. Varney, the proposed purchaser. Objection to this question was sustained on the ground that it was a conclusion. Then followed this question,

"Did you have $22,000.00 to your credit on that day in the bank?"

This question was answered, "Yes sir." Objection was made and sustained, although it was not formally stricken. These rulings by the trial judge are made the basis of the first assignment of error. Objection to the first question was properly sustained. The second question and answer were proper. The fact that the plaintiff had $22,000.00 to his credit in the bank was some proof of his ability to pay the price which he had offered for it, namely, $22,055. However, inasmuch as the trial judge rested his findings upon the proposition that no contract was consummated between the parties, the failure to receive this testimony could not have been prejudicial to the plaintiff.

The second part of the first assignment of error is directed to the refusal of the trial judge to permit Dr. Varney to testify concerning a 'phone call that plaintiff made to him informing him that the defendant had rejected his first offer of $20,000.00 for the property which he desired to purchase.

It is urged that this testimony was admissible "as it would have further corroborated the fact that the defendant had engaged the plaintiff to sell her house and that negotiations were under way to carry out the contract" and because the plaintiff was acting as defendant's agent when the statement was made to Dr. Varney. We do not believe that this testimony would have been corroborative of any of the terms of the contract between the parties which is pleaded. As we read the record, the contract sued upon occurred subsequent to the conversation to the effect that the defendant had refused to sell her property for $20,000.00. Inasmuch as the trial judge found that there was no contract between the parties the testimony could not have been received upon the theory that in making the statement to Dr. Varney he was acting as agent for the defendant. The refusal to accept the testimony could not have been prejudicial to the plaintiff because there is no dispute as to the fact that the defendant did refuse to accept $20,000.00 for her property.

The second assignment of error is that the finding and judgment of the trial court is contrary to law.

In the finding of facts it is stated that:

"Plaintiff claims that the defendant told him at the time the $20,000.00 offer was rejected that if he were to get her an offer of $21,500.00 that afternoon she would sell the property. The defendant denies this.

"The evidence shows that the plaintiff again took Dr. Varney and his wife to the defendant's home, showed them the property some more and secured a written offer from Dr. Varney to pay the sum of $22,055.00 for the property. This sale price included $500.00 for the refrigerator and stove, and $55.00 for some paint and shingles. The defendant immediately rejected this offer and would have nothing to do with it.

"There was no testimony whatever to support the claim of the plaintiff. The defendant does have two witnesses whose testimony tends to support defendant's testimony in part."

Later, in the conclusions of law, it is said,

"In view of the sharp conflict in the testimony between the parties and the absence of any testimony corroborating that of the plaintiff, it is the conclusion of the court that the plaintiff has failed to sustain the burden of proof and judgment must therefore be rendered in favor of the defendant."

It is the contention of the plaintiff that the conclusion that there is no corroboration of plaintiff's claim respecting the contract, is not justified upon the record.

The fact that the trial judge not only finds that there is no testimony corroborating plaintiff's claim but that the claim of defendant is supported by two of the witnesses "in part" requires consideration to determine what the court had in mind by "in part." The two witnesses to which reference is made said that on the afternoon of the 27th of October the plaintiff importuned the defendant to sell her property and that she refused and stated that she did not want to sell. This was the only material matter about which they testified and it was a circumstance corroborating the testimony of defendant that she at no time proposed or consented to sell for $21,500. On the other hand, Dr. Varney, the prospective purchaser, stated that at the same place and on the same afternoon "she (the defendant) showed us the cottage in the back and she offered to take $21,500." This is corroborative of two elements of the claim of plaintiff, namely, that defendant wanted to sell and that her price was $21,500, the amount at which he asserted she authorized him to make the sale. There are other circumstances tending to support the theory of the plaintiff that the defendant was desirous of selling or trading her property.

There is no doubt of the right of the trier of the facts to resolve the statements of the witnesses and to give them such weight as in his discretion they merit. If this was the only question presented by the findings we would readily support them but it must be assumed that the trial judge reached his conclusion of the right of the plaintiff to recover upon the conviction that the plaintiff was not corroborated and that the defendant was. This case is very close on the facts and because it appears that the court must have reached its finding and judgment on a misconception of the testimony we are required to say that the cause of the plaintiff was prejudiced by the finding.

It is argued by the appellee that the record discloses that the plaintiff in the transaction involved acted in the dual capacity of agent of the defendant and of Dr. Varney, the prospective purchaser. Had the negotiations between the parties resulted in a trade of the respective properties this contention would have much weight although it was not pleaded. However, there is no showing that in the attempted sale of the defendant's real estate the plaintiff sustained any agency relationship toward Dr. Varney.

The third assignment of error is directed to the weight of

the evidence. Upon this assignment, unaffected by the second assignment which we have discussed, we do not hold that the finding and judgment are against the manifest weight of the evidence.

Upon the one claim of error which we find established the judgment will be reversed and the cause remanded.

MILLER, PJ, and WISEMAN, J, concur.

### ON APPLICATION FOR REHEARING

No. 2078.   Decided January 4, 1950.

By THE COURT:

The defendant-appellee has filed an application for rehearing. At present we have no rule permitting applications for rehearing and it is only in rare instances, where there is something which, manifestly, the court has overlooked in the original opinion that such applications are entertained.

Nothing is presented on this application which the court did not consider in its former ruling.

The application will not be entertained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.